**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Jacob Campbell, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   15 C 1152 |
| | ) | |
| Performant Recovery, Inc., a | ) | |
| California corporation, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

**COMPLAINT**

Plaintiff, Jacob Campbell, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.      Plaintiff, Jacob Campbell ("Campbell"), is a resident of the State of Washington, from whom Defendant attempted to collect a delinquent consumer debt that was allegedly owed for a student loan, despite the fact that he had exercised his right, pursuant to the FDCPA, to be represented by the attorneys at the Student Loan Protection Program ("SLPP"), located in Chicago, Illinois.

4.      Defendant, Performant Recovery, Inc. ("Performant"), is a California

corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Performant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Performant was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Performant is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached as Exhibit A. In fact, Performant conducts extensive and substantial business in Illinois.

6. Defendant Performant is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Performant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Mr. Campbell fell behind on paying his bills, including a debt he allegedly owed for a student loan. Defendant Performant thereafter began trying to collect this delinquent debt from Mr. Campbell by calling him on January 8, 9, 10, 13 and 14, 2014, from phone number 325-224-6177, to collect the debt.

8. These actions caused Mr. Campbell to seek the assistance of the attorneys at SLPP, regarding his financial difficulties and Defendant's collection actions. Accordingly, via letters, dated January 22, 2014 and February 4, 2014, Mr. Campbell's attorney informed Defendant, in writing, that Mr. Campbell was represented by counsel,

2

and directed Performant to cease contacting him, and to direct all further collection activities to his attorney, because Mr. Campbell was forced, by his financial circumstances, to try and negotiate a payment plan as to his unsecured debt. Copies of these letters and the fax confirmations are attached as Group Exhibit C.

9.     Nonetheless, Defendant communicated directly with Mr. Campbell, by sending him a collection letter, dated October 8, 2014. A copy of this letter is attached as Exhibit D.

10.     Accordingly, on January 2, 2015, one of Mr. Campbell's attorneys had to write to Defendant once again to demand that it cease communications. Copies of this letter and fax confirmation are attached as Exhibit E.

11.     Defendant Performant's collection actions complained of herein (Exhibit D) occurred within one year of the date of this Complaint.

12.     Defendant Performant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

13.     Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer and continuing to demand payment after a direction to cease communications, see, 15 U.S.C. § 1692c(c).

15.     Here, the letters from Mr. Campbell's attorney/agent, told Defendant to cease communications with Mr. Campbell (Group Exhibit C). By continuing to

communicate via a letter regarding the debt and demanding payment from Mr.

Campbell (Exhibit D), Defendant Performant violated § 1692c(c) of the FDCPA.

16.     Defendant Performant's violation of § 1692c(c) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Performant knew that Mr. Campbell was represented by

counsel in connection with his debts because his attorneys at SLPP had informed

Defendant Performant, in writing (Group Exhibit C), that he was represented by counsel,

and had directed Defendant to cease directly communicating with him.  By directly

sending Mr. Campbell the October 8, 2014 letter (Exhibit D), despite being advised that

he was represented by counsel, Defendant Performant violated § 1692c(a)(2) of the

FDCPA.

20.     Defendant Performant's violation of § 1692c(a)(2) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C.§1692k.

**PRAYER FOR RELIEF**

Plaintiff, Jacob Campbell, prays that this Court:

1.     Find that Defendant Performant's debt collection actions violated the

FDCPA;

2.     Enter judgment in favor of Mr. Campbell and against Defendant

Performant, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by §1692k(a) of the FDCPA; and,

3.     Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Jacob Campbell, demands trial by jury.

Jacob Campbell,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  February 5, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com